IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA A. SCOTT,

    Plaintiff,

v.                              CASE NO. 4:05-cv-00013-MP-AK

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be affirmed.  The Magistrate Judge filed the Report and Recommendation on Thursday, November 16, 2006.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made.

The Magistrate's Report recommends that because the Commissioner's findings of fact and determinations are supported by substantial evidence, the decision of the Commissioner denying Plaintiff's applications for disability insurance benefits under Title II of the Act and supplemental security income benefits filed under Title XVI of the Act should be affirmed.

Plaintiff seeks review of this final determination pursuant to 42 U.S.C. § 405(g) of the Social Security Act.  The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  <u>Graham v. Apfel</u>, 129 F.3d 1420, 1422 (11th Cir. 1997).

In social security disability cases, the Commissioner engages in a five-step sequential evaluation process for determining if a claimant has proven that they are disabled.  The claimant must first prove that they are not engaged in substantial gainful activity.  At the second step, the claimant must prove that they have a severe impairment or combination of impairments.  After the claimant either is found automatically disabled in step three or proves in step four the inability to perform their past relevant work, the burden shifts to the Commissioner in step five to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform.  <u>See</u> 20 C.F.R. § 416.920.  Step five is accomplished either through reliance on the Medical Vocational Guidelines or the testimony of a vocational expert.

In this case, the ALJ relied on the testimony of the vocational expert to determine whether Plaintiff could perform other jobs in the national economy.  "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." <u>Jones v. Apfel</u>, 190 F.3d 1224, 1229 (11th Cir. 1999).  Because a claimant must prove severe impairment at step two, the ALJ is only required to pose in the hypothetical to the expert those limitations he finds severe.  <u>Pendley v. Heckler</u>, 767 F.2d 1561, 1563 (11th Cir. 1985).  Here, the ALJ found that the medical evidence established that Plaintiff had severe impairments of an affective disorder and a history of alcohol and drug abuse, but that she was not credible as to the extent of her impairments absent

substance abuse.  Even with the limitations added by Plaintiff's attorney, the hypothetical posed to the vocational expert still resulted in Plaintiff being able to work as a receptionist or administrative clerk.   Because Plaintiff was working at her past relevant work and could perform other jobs in the national economy, the ALJ found that Plaintiff was not disabled.

Plaintiff objects to the ALJ's failure to articulate precisely the specific reasons he found her reports of disability and limitation to be not credible.  Although the ALJ only made reference that Plaintiff was not "totally credible for the reasons set forth in the body of the decision," these reasons included the factors typically considered when assessing a claimant's credibility, such as non-compliance with her medications and misrepresentation about her history of drug abuse.  Assuming *arguendo* that this is error, the Court agrees with the Magistrate that such error is harmless since alcohol and drug abuse are contributing factors material to Plaintiff's impairments.

A claimant cannot be found disabled if alcoholism or drug addition would be a "contributing factor material to the Commissioner's determination" of disability. 42 U.S.C. § 423(d)(2)(C).  The ALJ found that "based upon the claimant's compliance with medication and when she is abstaining from alcohol and drugs, she retains the residual functional capacity to perform light work with no more than moderate stress, accommodating for occasional lapses of concentration and occasional lapses of short term memory." (R. 29). The Court agrees with the Magistrate that there was substantial evidence to support the ALJ's decision that alcohol and drug abuse were contributing factors material to Plaintiff's impairments, and without such factors, she would not be disabled.

Plaintiff objects to this argument, stating that the issue of her drug addiction or

alcoholism as a contributing factor material to the determination of disability is newly raised on appeal.  The record reflects that Plaintiff's substance abuse was a central issue in the determination of disability, as none of the functional capacity assessments found any physical or mental limitations that would preclude Plaintiff from performing her past relevant work.  The ALJ found that without considering her alcohol and drug abuse, Plaintiff was not disabled under Listing 12.04.  The testimony of a vocational expert found Plaintiff capable of performing her past relevant work, as well as other substantial gainful work in the national economy.  The central reason cited by the ALJ in finding that Plaintiff was not disabled is that the only factor precluding her from increasing her work hours was her substance abuse.  Although Plaintiff states that her substance abuse is only a symptom of her mental problems, which are the primary causes of her impairment, Plaintiff's medical history reflects that her substance abuse has been the chief concern of treatment.  Although Plaintiff's mental health issues are no doubt cyclically connected with her substance abuse, the ALJ's finding that only the latter prevented her from gainful work is supported by substantial evidence.

Therefore, because the ALJ's decision was supported by substantial evidence and the correct legal standards have been applied, it is affirmed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner denying benefits is affirmed.

**DONE AND ORDERED** this   *8th* day of December, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge